IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CURTIS ALAN ANDERSON,<br><br>Defendant. | Case No. CR13-3028<br><br>ORDER FOR PRETRIAL DETENTION |

On the 6th day of September, 2013, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Anthony Morfitt. The Defendant appeared personally and was represented by his attorney, Max Wolson.

## I. RELEVANT FACTS AND PROCEEDINGS

On August 15, 2013, Defendant Curtis Alan Anderson was charged by Indictment (docket number 1) with conspiracy to distribute 500 grams or more of a mixture containing methamphetamine. At the arraignment on September 4, 2013, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on November 4, 2013.

Neither party offered any testimony at the time of hearing. Instead, both parties relied on the information set forth in the pretrial services report.

According to the pretrial services report, Defendant is 35 years old and has resided in Mason City, Iowa, his entire life. His mother, one of his brothers, and two sisters also reside in Mason City. Defendant is currently single, but three children (ages 17, 14, and 13) from a prior marriage live with their maternal grandmother in Mason City. Defendant

also has a 16-year-old son from another relationship, who lives with his maternal grandmother in Mason City. Defendant has lived with his mother for the past three months and would return to that address if released.

Defendant told the pretrial services officer that he was employed as a forklift driver in Mason City between July 2012 and November 2012. Since that time, he has been unemployed, earning money by performing "odd jobs." Defendant is in good health and has no history of mental or emotional health concerns.

According to Defendant, his alcohol consumption has never been problematic, although the Court notes that he has been twice convicted for operating while intoxicated and twice convicted for public intoxication. Defendant has smoked marijuana "off and on" through much of his life and has smoked it on a daily basis during the year prior to his arrest. Defendant also admitted that he has used methamphetamine on a regular basis since age 15, explaining that "if it was there, I used it."

Defendant has an extensive prior criminal record, starting as a juvenile. At age 18, Defendant was arrested three times and convicted of contempt, possession of a controlled substance, operating a motor vehicle while intoxicated, and driving while barred. At age 19, Defendant was arrested six times and convicted of domestic abuse assault, theft in the fifth degree, public intoxication, no driver's license, interference with official acts, refusal to obey orders, public intoxication, and disturbing the peace. At age 20, Defendant was convicted in separate cases of no driver's license, absence from custody, and driving while suspended. At age 21, Defendant was arrested and convicted of theft in the fourth degree and domestic abuse assault. Many of the charges and convictions occurred while other charges were pending and while Defendant was on probation.

On November 20, 2000, at age 22, Defendant was charged in federal court with conspiracy to distribute methamphetamine, possession of a firearm as an unlawful user of controlled substances, and possession of an unregistered firearm. While that charge was

pending, Defendant was arrested and charged with driving while barred and possession of drug paraphernalia. On August 8, 2001, Defendant was sentenced on Counts 1 and 3 in the federal case to 105 months in custody and 57 months in custody, respectively, followed by 4 years of supervised release.

The pretrial report is silent regarding when Defendant was released from prison. We know he was out by April 26, 2009, however, because he was charged on that date with operating a motor vehicle while intoxicated — second offense. Defendant also tested positive for marijuana at about that time. Consequently, on May 15, 2009, his supervised release was modified to include 120 days at a residential reentry center.

On February 24, 2010, Defendant was charged in state court with possession of drug paraphernalia and possession of a controlled substance. The pretrial services report indicates that Defendant tested positive for methamphetamine twice in May 2009, and for possession of amphetamines in January 2010. Defendant also failed to report for drug testing on 19 occasions. Accordingly, on March 1, 2010, Defendant's supervised release was revoked and he was sentenced to 14 months in custody.

On February 16, 2011, it was reported that Defendant had violated his supervised release by missing curfew monitoring phone calls, failing to report for drug testing, and submitting a urine sample that tested positive for amphetamines. Accordingly, on February 24, 2011, Defendant's supervised release was revoked a second time and he was sentenced to 22 months in custody. Defendant was discharged from the Bureau of Prisons on September 28, 2012 — just about the time that the instant conspiracy was alleged to have begun.

On June 9, 2013, Defendant was charged and convicted of theft in the 5th degree. On August 1, 2013, Defendant was charged with a controlled substance violation, which remains pending in state court.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

## A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A

4

finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of

finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of

persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute 500 grams or more of a mixture containing methamphetamine. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, there is a rebuttable presumption that Defendant should be detained. Because the Government elected not to introduce any evidence at the hearing, the Court is unable to determine the weight of the evidence. While Defendant has strong ties to the Mason City community, he has been unemployed since November 2012. That is, Defendant does not have stable employment. In addition, he admits to being an active user of marijuana and methamphetamine. Most persuasive to the Court, however, is Defendant's repeated failure to comply with conditions while under federal supervision. Defendant's federal supervision was modified on one occasion and revoked on two other occasions. Defendant committed additional crimes while on supervised release, used controlled substances during that time, and failed to report for drug testing. Defendant's prior convictions also include two domestic abuse assaults and a weapons charge. Based on all of these facts and circumstances, the Court finds Defendant should be detained pending the trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of

proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (September 4, 2013) to the filing of this Ruling (September 6, 2013) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 6th day of September, 2013.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA